```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                         ALEXANDRIA DIVISION


ALICE F. DAVIS                          CIVIL ACTION
      Appellant                         NO. 07-1411-A

VERSUS


MICHAEL J. ASTRUE                       JUDGE DEE D. DRELL
COMMISSIONER OF SOCIAL SECURITY         MAGISTRATE JUDGE JAMES D. KIRK
      Appellee
```

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Alice F. Davis ("Davis") filed applications for Supplemental Security Income ("SSI") and Disability Income Benefits ("DIB") on or about April 27, 2006 (R. 12, 30-34). She alleged an inability to perform relevant or other substantial gainful activity due to chronic pain. In her complaint, Davis contends she suffers from HIV, Hepatitis C, chronic abdominal pain, congenital scoliosis, diabetes mellitus, moderate to severe arthropathy and moderate to severe foraminal stenosis which contribute to her inability to engage in substantial gainful employment (Doc. Item 1). The claim was initially denied and Davis timely filed a request for a hearing before an Administrative Law Judge ("ALJ")(R. 8).

Administrative Law Judge, Ronald L. Burton, ("ALJ Burton") held a hearing on May 22, 2007 and Davis and her attorney, Edward Kaplan, attended (R. 214-334). ALJ Burton issued a decision on July 25, 2007 denying benefits (R. 9-19). Davis filed a request for review of that decision on June 2, 2007 (R. 7). The Appeals

Council declined review of the ALJ's decision on August 1, 2007; thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner") (R. 4).

To qualify for DIB and/or SSI, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. 1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. 1382(a). To establish disability, a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months. Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. 1382(a)(3).

## SUMMARY OF PERTINENT FACTS

At the time of the administrative hearing, Davis was 45 years old and lived with her daughter in Alexandria, Louisiana (R. 317). She completed the ninth grade in regular classes and worked as a housekeeper at several hotels, the mall and a nursing home and as a baker at a restaurant (R. 318-319).

Davis testified that she had a history of chronic abdominal pain and has been hospitalized on numerous occasions as a result thereof (R. 322). She advised that the pain was worse when she moved or sat and was not completely controlled by pain medication

(R. 319-320, 326).  Her typical day included lying down and watching television (R. 321).  She did not socialize because of the pain, but she did visit with her neighbor on a regular basis (R. 322 and 325).  She further advised that her chores were performed by her children; however, she did her own laundry and was able to dress herself (R. 322, 324, 326).

She obtained healthcare from Rapides Regional Medical Center, Huey P. Long Hospital, Cabrini Hospital and Dr. Bruce Craig in 2005 and 2006 (R.320, 330).  She saw Dr. Craig approximately once a month to obtain pain medication (R. 321). He has advised that she was unable to work and her condition would not improve (R. 320, 325).  Finally, she advised she took medication for pain on a daily basis (R. 331).

ALJ Burton's findings state Davis had not engaged in substantial gainful activity since October 15, 2004 (R. 14) and did not have any past relevant work (R. 17).[1]  Though the ALJ found Davis' HIV, congenital scoliosis, diabetes mellitus and right upper quadrant abdominal pain to be severe impairments, he did not find

---

[1] While the record reflects that Davis worked as a housekeeper and a baker and was insured for Disability Insurance Benefits though December 31, 2007 (R. 14), it is devoid of an earnings report.  Accordingly, an evaluation under 20 C.F.R. §404.1574 cannot be conducted.  However, given the fact Davis was insured through December 31, 2007, it is evident she engaged in past relevant work and the ALJ's finding to the contrary is erroneous.  However, this erroneous finding does not impact the ultimate findings in this case.

any of these impairments, either alone or in combination, met or medically equaled the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 14-15). The ALJ noted, after careful consideration of the entire record and considering her age and education, that Davis had the residual functional capacity ("RFC") to perform a full range of light work (R. 15). He also found that given her age, limited education, work experience and RFC, jobs existed in significant numbers in the national economy which she could perform (R. 18). Accordingly, the ALJ determined that Davis had not been under a disability from October 15, 2004 through the date of decision (R. 18).

## Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for

isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987); <u>Dellolio v. Heckler</u>, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices are for the Commissioner and the ALJ, rather than the court. <u>Allen v. Schweiker</u>, 642 F.2d 799, 801 (5th Cir. 1981). Also, <u>Anthony v. Sullivan</u>, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. <u>Dellolio</u>, 705 F.2d at 125. But, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340 (5th Cir. 1988); <u>Dellolio</u>, 705 F.2d at 125.

## ISSUES

Davis raises the following issues for appellate review:

1. The ALJ erred in failing to give proper consideration to all of Davis' impairments; and

2. The ALJ erred in assessing Davis' residual functional capacity, resulting in an improper reliance upon the Medical-Vocational Guidelines to find Davis not disabled at Step 5.

Davis' Impairments

Davis contends the ALJ failed to give proper consideration to all of her impairments. Davis' argument in support of this broad contention is scattered and thus hard to follow.

At the onset of her argument, Davis states that the ALJ erred in failing to determine her severe impairments met or medically equaled a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. However, Davis fails to cites a single listing which she contends she meets or equals.  Davis then contends that she suffers from other impairments which should have been considered.  Though she fails to specifically assert that these impairments should have been considered severe impairments, it is apparent from reading her briefs that this is her contention.  The undersigned has conducted a thorough review of the entire record with respect to the impairments which she considers to be severe, Hepatitis C, bilateral osteoarthritis of the knees and recurrent urinary tract infections, and has determined that substantial evidence supports the ALJ's determination that these are non-severe impairments.

In order to be considered non-severe, the impairment, must be "a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." Stone v. Heckler, 752 F.2d 1099, 1102 (5th Cir. 1985), citations omitted.  There are only two citations in the

medical records to Davis' diagnosis of Hepatitis C (R. 95, 177) and neither of these deal with treatment. Rather, they point simply point out that she has a diagnosis of the disease. The record contains only one emergency room record regarding a diagnosis of bilateral osteoarthritis of the knees. Davis never followed up with her primary care physician nor sought the expertise of a orthopedist. Finally, the record does indicate Davis suffers from recurrent urinary tract infections. However, like her Hepatitis C and osteoarthritis, she does not seek consistent medical attention (other than emergency room visits). Further, she does not take medication on a regular basis to specifically treat the impairments and does not complain these particular ailments interfere with her life. Accordingly, substantial evidence supports the ALJ's determination that these are non-severe impairments which are not to be considered at Step 2 of the sequential process.

At the conclusion of her argument as to why the ALJ erred to properly consider her combination of impairments, Davis states that she "has established medically-determined impairments capable of producing her complaints of leg/flank pain, chest pain, low back pain and abdominal pain. It appears that the crux of Davis' argument is the ALJ failed to consider her medical impairments and evidence thereof when determining whether her pain affected her residual functional capacity.

A claimant's symptoms, including pain, will be determined to

diminish a claimant's capacity for basic work activities to the extent that the claimant's alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. §404.1529(c)(4). Although severe pain can constitute a non-exertional impairment, pain is a disabling condition only when it is constant, unremitting and wholly unresponsive to therapeutic treatment. <u>Johnson v. Sullivan</u>, 894 F.2d 683, 685 (5th Cir. 1990); <u>Fraga</u>, 810 F.2d at 1304.

While pain can be severe enough to create a disabling condition, the evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled. <u>Elzy v. Railroad Retirement Bd.</u>, 782 F.2d 1223, 1225 (5th Cir. 1986); <u>Loya v. Heckler</u>, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's decision on the severity of pain is entitled to considerable judicial deference. <u>James v. Bowen</u>, 793 F.2d 702, 706 (5th Cir. 1986); <u>Jones v. Bowen</u>, 829 F.2d 524, 527 (5th Cir. 1987). Such a credibility determination is within the province of the ALJ. <u>Carrier v. Sullivan</u>, 944 F.2d 243, 247 (5th Cir. 1991); <u>Wren v. Sullivan</u>, 925 F.2d 123, 128-29 (5th Cir. 1991). Hence, the law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints and articulate his reasons for rejecting any subjective complaints. <u>Falco v. Shalala</u>, 27 F.3d

162, 163-64 (5th Cir. 1994).

The ALJ made the following findings as to Davis' pain and credibility:

> The record reveals that the claimant is taking Tramadol and Naproxen for pain, medications recommended for the treatment of mild to moderate pain. While this does not mean the claimant is entirely pain-free, taken as a whole, it falls short of demonstrating the presence of pain that is so severe the claimant cannot perform any work on a regular and continuing basis.
>
> The undersigned finds that the claimant's allegations are not supported by the evidence of record. Therefore, they are not fully credible. The undersigned cannon ignore the fact that as of March 2006, the claimant had not followed up with the CD4 clinic or the diabetic clinic. At that time it was noted that the claimant was on no medicines for her disease processes. On a couple of occasions, she had left the outpatient clinic against medical advice. As such, claimant's testimony regarding her abilities is credible only to the extent it is consistent with the findings herein.
>
> The undersigned notes that the claimant alleged severe stomach problems; however, no gastrointestinal pathology has been found. Records from Huey P. Long note the claimant complaints repeatedly of the same symptoms; however, numerous laboratory tests have been done with the results being normal
>
> To the extent the claimant contends she can perform no work on a regular and continuing basis, the undersigned finds such allegations are not supported by the evidence. Construing the evidence in a light most favorable to the claimant, the undersigned finds the claimant retains the residual functional capacity to perform the demands of a full range of light work (R. 17).

Since the ALJ in this case has made the mandatory indication of the basis for his credibility choices concerning plaintiff's complaints, and since his choices are not unreasonable, his finding that Davis' pain would not prevent her from performing work is

proper. Carry v. Heckler, 750 F.2d 479, 485-86 (5th Cir. 1985). Substantial evidence supports the Commissioner's conclusion that she is not disabled by pain.

Residual Functional Capacity

Davis also contends that the ALJ erred in assessing Davis' residual functional capacity; therefore, his reliance upon the Medical-Vocational Guidelines was improper. Specifically, Davis contends that the ALJ should have found her subjective complaints of pain rendered her unable to perform a full range of light work. And, because pain is a non-exertional impairment, the ALJ should not have relied on the Medical-Vocational Guidelines.

The law provides that the Commissioner can meet his burden of proving Davis can perform work in the national economy by showing her residual functional capacity, age, education and previous work experience match those set out in any "Rule" of the Medical-Vocational Guidelines found in 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the grids"). Such a finding directs a conclusion that the claimant is not disabled. Sec. 200.00(a) of Appendix 2 states this as follows:

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled.

The U.S. Supreme Court has upheld the use of these Guidelines by the Commissioner in lieu of calling a vocational expert to

testify. Heckler v. Campbell, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Also, Harrell v. Bowen, 862 F.2d 471, 478 (5th Cir. 1988). However, the Guidelines may not be applied when a claimant suffers solely from a non-exertional impairment. Pate v. Heckler, 777 F.2d 1023, 1026 (5th Cir. 1985), citing Martin v. Heckler, 748 F.2d 1027, 1034-35 (5th Cir. 1984). Also, Broussard v. Bowen, 828 F.2d 310, 313 (5th Cir. 1987); Fields v. Bowen, 805 F.2d 1168, 1170 (5th Cir. 1986).

Though Davis claims she suffers from a non-exertional impairment which the ALJ should have considered, the discussion above shows that the ALJ's finding that her complaints of pain were less than credible is supported by substantial evidence. Therefore, because Davis does not suffer from a non-exertional impairment, the ALJ properly relied upon the Medical-Vocational Guidelines and properly determined she could perform a full range of light work.

## Conclusion

After review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), I find there is substantial evidence in the record as a whole to support the Commissioner's decision of non-disability and that the Commissioner's decision comports with all relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

Accordingly, IT IS RECOMMENDED that Davis' appeal be DENIED

AND DISMISSED WITH PREJUDICE.

Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond too another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING AN APPEAL ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 8th day of May, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE